# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | |
|---|---|
| JAMES ROBERT WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-04103-MDH |
| BRIAN J. DULANY, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Clint Baer's Motion to Strike. (Doc. 29). Defendant Baer moves the Court to strike statements made in Paragraphs 9, 16, 28, 29, 38, and 40 of Plaintiff's Complaint. Plaintiff did not respond to the instant Motion. For the reasons set forth herein, the Motion is **GRANTED** in its entirety.

## BACKGROUND

Plaintiff's claims stem from a traffic stop that occurred on May 19, 2019. (Doc. 1). Plaintiff alleges that Defendant Baer unlawfully arrested and used excessive force on Plaintiff during said traffic stop. Plaintiff seeks money damages and declaratory and injunctive relief under 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, and Missouri law.

Throughout Plaintiff's Complaint, he makes reference to Defendant Baer's subsequent criminal conviction of using interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, which is wholly unrelated to Plaintiff's federal or state law claims and prejudices Defendant Baer. Defendant Baer asks this Court to strike such references.

1

**STANDARD**

Rule 12(f) allows the court to strike from the pleading anything that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). Courts have broad discretion to decide on such motions. *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1062 (8th Cir.2000). Generally speaking, "allegations may be stricken if they have no real bearing on the case, will likely prejudice the movant, or where they have criminal overtones." *Jameson v. State Farm Mut. Auto. Ins. Co.*, 871 F. Supp. 2d 862, 867 (W.D. Mo. 2012) (quoting *Kay v. Sunbeam Prods., Inc.*, No. 2:09–CV–4065–NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009)).

**DISCUSSION**

"A matter is immaterial or impertinent when not relevant to the resolution of the issue at hand." *Kay v. Sunbeam Prods., Inc.*, No. 2:09–CV–4065–NKL, 2009 WL 1664624, at *1 (W.D. Mo. June 15, 2009) (internal citations omitted). A matter is immaterial if it "has no essential or important relationship to the claim for relief," and it is impertinent if it involves "statements that do not pertain to the issues in question." *ADR Tr. Corp. v. Fiala*, 870 F. Supp. 962, 977 (E.D. Mo. 1994).

In five paragraphs of his Complaint, Plaintiff discusses in significant detail Defendant Baer's criminal conviction for which he was arrested, charged, and convicted after the incident alleged in Plaintiff's Complaint. Defendant Baer's subsequent criminal conviction is not related to Plaintiff's claims against Defendant Baer in any way. Plaintiff's claims are confined to excessive force and unlawful arrest. Defendant Baer's criminal conviction was for conduct wholly unrelated to any claims of excessive force or unlawful arrest. Plaintiff does not assert that Defendant Baer's alleged misconduct in the Complaint stems from or is related to his criminal conviction.

Scandalous matters are "those that cast a derogatory light on someone, usually a party, and bear no relation to the controversy or prejudice the objecting party." *Id.* at 1299. A scandalous allegation has been further described to be "one that reflects unnecessarily on the defendant's moral character, or uses repulsive language that detracts from the dignity of the court." *Kay v. Sunbeam Prods., Inc.*, No. 2:09–CV–4065–NKL, 2009 WL 1664624, at *2 (W.D. Mo. June 15, 2009). Courts have found that allegations containing criminal overtones "carry undue prejudice." *Id.*

In Paragraph 9 of the Complaint, the first paragraph that mentions Defendant Baer, Plaintiff includes a block quote in bold type from a press release concerning Defendant Baer's criminal conviction. The block quote details the factual circumstances underpinning Defendant Baer's criminal conviction. Paragraph 9 also includes a timeline of Defendant Baer's criminal case, including dates when Defendant Baer pled guilty, when he was sentence, and how long he is sentenced to serve in prison. As stated above, such details provide no support for Plaintiff's claims. Rather, the only purpose Paragraph 9 serves is to prejudice Defendant Baer by including unrelated scandalous material. The Court agrees.

Paragraph 16 of Plaintiff's Complaint against mentions Defendant Baer's criminal history. Paragraph 16 includes allegations of Defendant Baer's conduct against non-parties to this suit, not against Plaintiff. Plaintiff again prejudices Defendant Baer by again discussing the details of Defendant Baer's criminal conviction. As such, Defendant Baer requests this Court strike the last sentence of Paragraph 16 of Plaintiff's Complaint. The Court agrees.

The second paragraph labeled Paragraph 28 should be stricken in its entirety because it is both wholly unrelated to Plaintiff's claims and prejudicial against Defendant Baer. Paragraph 28 restates the same allegations in Paragraph 9 and includes additional information regarding Defendant Baer's punishment. Defendant Baer's criminal conviction occurred after the events

3

alleged in Plaintiff's Complaint and have no purpose in supporting Plaintiff's allegations. Rather, Plaintiff continues to include such information to prejudice Defendant Baer. The Court agrees.

For the same reasons as above, the portion of Paragraph 29 discussing Defendant Baer's criminal conviction should also be stricken. Defendant Baer requests this Court strike the sentence beginning with "Indeed, it is believed that…." in Paragraph 29 of Plaintiff's Complaint. Additionally, Defendant Baer requests that the reference to "minor children" in Paragraph 38 should also be stricken. The Court agrees.

Finally, in Paragraph 40 of the Complaint, Plaintiff accuses Defendant Baer of "sexual deviancy." Such language is completely unnecessary and a direct attack on Defendant Baer's moral character. As such, Paragraph 40 is prejudicial to Defendant Baer. Defendant Baer asks this Court to strike the sentencing beginning, "Moreover, it would appear…" from Paragraph 40 of Plaintiff's Complaint. The Court agrees.

## CONCLUSION

For the foregoing reasons, Defendant Baer's Motion to Strike (Doc. 29) is **GRANTED** in its entirety. Accordingly, the portions of Paragraph 9 of Plaintiff's Complaint that concern Defendant Baer's criminal conviction are stricken. The last sentence of Paragraph 16 of the Complaint is stricken. The second paragraph labeled Paragraph 28 is stricken in its entirety. In Paragraph 29, the sentence beginning with, "Indeed, it is believed that…" is stricken. The reference to "minor children" in Paragraph 38 is stricken. In Paragraph 40, the sentence beginning with "Moreover, it would appear…" is stricken.

**IT IS SO ORDERED.**

Dated: September 9, 2021        　　　　　　　　　　　　 /s/ Douglas Harpool
　　　　　　　　　　　　　　　　　　　　　　　　　　　**DOUGLAS HARPOOL**
　　　　　　　　　　　　　　　　　　　　　　　　　　　**United States District Judge**