# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JAMES ROBERT WHITE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-04103-MDH |
| BRIAN J. DULANY, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Clint Baer's Partial Motion to Dismiss. (Doc. 31). Plaintiff did not respond to the instant Motion. For the reasons set forth herein, the Motion is **GRANTED**.

## BACKGROUND

The Complaint alleges, in relevant parts, the following:

1. This is an action for money damages, declaratory, and injunctive relief brought by Mr. White pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the United States Constitution, Article 1 and Section 15 of the Missouri Constitution, and under the laws of the State of Missouri, against the individual Defendants, all currently or former police officers with the Centralia Police Department, in their individual and official capacities, and against the City of Centralia and the Centralia Police Department.

2. Mr. White alleges that on May 19, 2019, Defendants Dulany and Baer unlawfully and without probable cause stopped his vehicle, detained him, seized his person, assaulted and battered him. Mr. White further alleges that the actions of Defendants Dulany and Baer on May 19, 2019, was a continuation of and in furtherance of Defendant Baer's previous acts of stalking and harassment of Mr. White's girlfriend and possibly others. Mr. White alleges that these constitutional violations were committed as a result, at least in part, of the policies and customs of Defendants Centralia Police Department and the City of Centralia, and that these

1

Defendants are liable to him under the theory of *respondeat superior* for the acts and/or omissions of Defendants Dulany and Baer while the latter were working within the course and scope of their employment with the former.

9. Defendant Clint P. Baer (hereinafter "Defendant Baer") was formerly a law enforcement officer employed by the Centralia Police Department and/or the City of Centralia as a Patrolman. Officer Baer was terminated from that position on or about October 8, 2019, after he was charged in the Federal District Court in St. Louis, Missouri, in the case of *United States v. Clint Baer*, Case No. 4:19-cr-00842, with the crime of using interstate commerce for the purpose of engaging in illicit sexual conduct with a minor.

15. Mr. White had been advised by his girlfriend that she was being stalked and harassed by Defendant Baer, at work and elsewhere, while Defendant Baer was working as a law enforcement officer for the Centralia Police Department and/or the City of Centralia.

16. Defendant Baer had previously stalked and harassed Mr. White's girlfriend, while he was in police uniform and presumed to be on duty, and had also stopped at her place of employment, followed her home, and drove his police vehicle alongside her at slow speeds. Such misconduct on the part of Defendant Baer was concerning to Mr. White, his girlfriend and her employer. So much so that her employer told her not to walk home after work and this is why Mr. White picked her up at her place of employment on May 19, 2019.[2]

29. When on May 19, 219, Mr. White advised Defendant Dulany of Defendant Baer's misconduct as it related to his girlfriend, Defendant Dulany replied that he had no problem with Mr. White reporting such misconduct to the administrators of the Centralia Police Department, as with past situations Defendant Dulany knew or had reason to suspect that such complaints would fall on deaf ears.[3]

34. Defendants Dulany and Baer knew or reasonably should have known of the danger they placed Mr. White into by the assault upon him and each knew or should

have known that their actions could result in pain, suffering and harm to Mr. White. Upon information and belief, the traffic stop by Defendant Dulany was a ruse so that Defendant Baer could continue his stalking and harassment of Mr. White's girlfriend; with whom Defendant Baer had apparently become obsessed and/or an attempt to provoke Mr. White into confrontation with armed police officers. Defendant Dulany aided and abetted Defendant Baer's obsession by his acts and/or omissions as set forth herein and also by leaving Defendant Baer in close proximity to Mr. White's girlfriend, while Mr. White was seriously injured, handcuffed, incapacitated and later placed into Defendant Dulany's police car.

36. Defendant Dulany and other officers of the Centralia Police Department each knew of and had an obligation to stop Defendant Baer's talking and harassment of Mr. White's girlfriend and likely others, but did not do so. In fact, upon information and belief, they aided and abetted his misbehavior. In addition, Defendant Baer had an obligation to stop Defendant Dulany's use of excessive force upon Mr. White on the might in question, but did nothing. In fact, after Mr. White was forcibly removed from his vehicle, slammed to the ground, and taken to Defendant Dulany's police car, Defendant Baer can be seen standing outside the vehicle, on the passenger side of the police car where Mr. White was detained, and staring at him in a threatening and menacing manner.

38. Defendants Bias, Centralia Police Department, and/or the City of Centralia failed to investigate or take corrective action(s) to prevent excessive force violations and/or providing false or inaccurate information in reports and other similar documents from ever happening again. In addition, the evidence suggests that Defendants Dulany, Bias, other members of the Centralia Police Department, and/or the City of Centralia, aided and abetted Defendant Baer's stalking and harassment of Mr. White's girlfriend and perhaps others.

41. As the result of the illegal searches and seizures, unlawful arrest, and/or excessive force to which he was subjected on May19, 2019, Mr. White feels violated and degraded. He also fears that he could be subjected to illegal searches

and seizures, unlawful arrest, and/or excessive force by the Defendants in the future because he still lives in the Centralia community. Mr. White is also concerned that he will continue to be targeted because of the May 19, 2019, incident described above and also because he has now commenced this lawsuit.

Among his prayers for relief, Plaintiff asks for injunctive relief against all Defendants, including Defendant Baer.

## STANDARD

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(1) is a challenge to the court's subject matter jurisdiction. "Federal courts are courts of limited jurisdiction," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). The party attempting to invoke the federal court's limited jurisdiction has the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *Id*.

Standing "is a jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *City of Clarkson Valley v. Mineta*, 459 F.3d 567, 569 (8t Cir. 2007). When a motion to dismiss is made on the basis of a lack of standing, "the standing inquiry must, as a prerequisite, be done in light of the factual allegations of the pleadings." *Id*. (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

## DISCUSSION

Defendant Baer argues that Plaintiff lacks standing to bring a claim against him for injunctive relief. The elements of standing are more than mere pleading requirements and are instead "an indispensable part of the plaintiff's case." *Park v. Forest Serv. of U.S.*, 205 F.3d 1034, 1036 (8th Cir. 2000). To establish standing in this case, Plaintiff must demonstrate that he suffered an injury in fact, that injury was caused by the conduct of the Defendant, and that his injury is

4

likely to be redressed by a favorable ruling by this Court. *Id.* In injunctive relief cases, the "injury in fact" requirement is met only if the plaintiff alleges and proves that he "faces a threat of ongoing or future harm." *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-05 (1983). To show a present case or controversy when requesting injunctive relief, plaintiffs cannot merely allege past exposure to illegal conduct that is unaccompanied by any continuing, present adverse effects. *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974). Rather, plaintiffs must demonstrate that "the defendant's allegedly wrongful behavior will likely occur to continue, and that the 'threatened injury is certainly impending.'" *Park*, 205 F.3d at 1037 (quoting *Friends of the Earth, Inc. v. Laidlaw Env'tl Servs., Inc.*, 120 S.Ct. 693, 709 (2000)).

In *Lyons*, the United States Supreme Court held that a plaintiff did not have standing to seek injunctive relief relating to his allegations of an illegal chokehold during a traffic stop because he did not meet the likelihood of future injury requirement. *Lyons*, 461 U.S. at 111-12. The Court used two criteria to measure the likelihood of future injury: (1) the probability that the plaintiff would be stopped again, and (2) the probability that officers would use a chokehold again. *Park*, 205 F.3d at 1038. Courts presume, without alleged facts to indicate otherwise, that plaintiffs "will conduct their activities within the law" and so avoid "exposure to the challenged course of conduct said to be followed by [the defendants]." *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974).

In this case, Plaintiff alleges that he was subjected to an illegal search, seizure, and arrest and excessive force during a traffic stop on May 19, 2019. (Doc. 1, ¶ 41). Based on the alleged facts, Plaintiff cannot prove the injury-in-fact element of standing. Plaintiff's Complaint does not include facts sufficient to show that he faces an ongoing threat of future harm by Defendant Baer. Plaintiff does not allege that there is a probability that Plaintiff will be stopped again by Defendant Baer. Plaintiff also does not allege that Defendant Baer is likely to commit the challenged course

5

Case 2:21-cv-04103-MDH   Document 36   Filed 09/09/21   Page 5 of 6

of conduct. In fact, based on Plaintiff's alleged facts, because Defendant Baer is no longer a patrolman with the City of Centralia, it is not possible for Defendant Baer to participate in a traffic stop involving Plaintiff sometime in the future. Plaintiff also alleges Defendant Baer is incarcerated, further diminishing the likelihood Defendant Baer will exercise police authority to stop Plaintiff. In other words, Plaintiff has merely pled that because he allegedly suffered past illegal conduct, then he may be subjected to future harm. Such an allegation without more is insufficient to establish standing to bring a claim for injunctive relief.

## CONCLUSION

For the foregoing reasons, Defendant Baer's partial Motion to Dismiss (Doc. 31) is **GRANTED**. The Court lacks jurisdiction over Plaintiff's claims for injunctive relief against Defendant Baer and therefore those claims are dismissed.

**IT IS SO ORDERED.**

Dated: September 9, 2021   /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**